ANNA RHODES, ET AL., *v.* WARREN DODSON'S ADM'R.

**Will—Construction of.**

All the terms used in a will should be construed together, and when a testator uses similar language in two clauses of his will he will be presumed to have intended the same in each instance; and when he intends to make a similar disposition of one part of his estate with that already made of another part he will be expected to use the same or similar language.

APPEAL FROM NELSON CIRCUIT COURT.

January 6, 1880.

OPINION BY JUDGE COFER:

That the children take an absolute estate in the one-third of the testator's estate devised to his widow for life is clear. The language is, "I leave to my wife one-third of my property, real and personal, during her natural life. After her death the same is to be equally divided between her three children." It is only the balance, or remaining two-thirds, which is to be divided between the three children, "to them and their children after them." No such limitation,

if it be a limitation, is applied to the one-third devised to the widow.

It is, then, clear that as to the one-third the children take an absolute estate and their children take no estate under the will. And we incline to the opinion that the testator did not intend to create a life estate in any of his children.

The words "to them and their children after them," if such words stood alone, would no doubt be sufficient to limit the interest of the first takers to a life estate. But the devise to the widow shows that when the testator chose to create an estate for life with remainder over he knew how to do so in apt language, and that he did not employ such language in reference to the two-thirds or balance of his property is strong evidence that he did not mean to create estates for life in that.

When a testator uses similar language in two clauses of his will he will be presumed to have intended the same in each instance; and for the same reason when a testator intends to make a similar disposition of one part of his estate with that already made of another part, we ought to expect him to use the same or similar language.

Moreover, the intention that the children shall take absolutely and without limitation the one-third interest devised to the widow being clear, we ought not to suppose, in the absence of language clearly expressing such an intention, that he meant to impose limitations upon their interest in the remaining two-thirds.

His estate is small, and he hardly intended to give one-third absolutely at the death of the widow, and to limit the interest in the other two-thirds to a life estate. We are therefore of the opinion that the judgment was not prejudicial to the rights of the appellants, and it is affirmed.

*John H. Wathen, C. A. Wickliffe, for appellants.*